IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANTONE CENNA SMITH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No**. 3:21-CV-1787-L-BH** |
| § | |
| **KILOLO KIJAKAZI,** Acting Commissioner § | |
| of the Social Security Administration, § | |
| § | |
| Defendant. § | |

# ORDER

On November 14, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 28) ("Report") was entered, recommending that the court affirm the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") and denial of Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").

On November 28, 2022, Plaintiff filed objections to the Report, arguing that the Administrative Law Judge's ("ALJ") errors warrant a remand of this action and a new hearing for various reasons because, contrary to the magistrate judge's findings, the ALJ did not comply with applicable regulations, and the ALJ's decision is not supported by substantial evidence. In this regard, Plaintiff argues, in pertinent part as follows:

- "Plaintiff objects both to the focus by the U.S. Magistrate Judge on the absence of specific citations on the form itself and to her emphasis on the fact that the records which support the opinion—while admitted into evidence—were not provided as an attachment to the assessment form which is at issue here. Dkt. No. 28 at 28. Plaintiff specifically objects to the recommended findings, in view of the fact that the records in this case provide extensive supporting medical evidence, and because Dr. Usman's opinion is not contradicted by other substantial record evidence."

- "Plaintiff . . . objects to the recommended finding that the ALJ's discussion of the factors of supportability and consistency complies with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). The U.S. Magistrate Judge recognizes that the ALJ 'did not make a specific finding as to each of the factors' but recommends affirming since the ALJ's decision nonetheless 'reflects consideration of supportability and consistency.' Dkt. No. 28 at 29. In recommending a finding that the ALJ made no error—on the basis that the ALJ's consideration of the two factors can be gleaned from the decision, together with an overall reading of the record—the U.S. Magistrate takes a position to which Plaintiff objects."

- "ALJ Kauffman's consistency analysis failed to provide legitimate reasons to discount Dr. Usman's opinion. . . . [I]t is misleading for the ALJ to report that 'the claimant generally maintained his strength and sensation during the relevant period,' when the record documents repeated observations of weakness and loss of sensation by treating sources throughout the period at issue. The fact that some of the clinical exams show intact strength and sensation and the presence of a gait and stance that were—at times—normal, simply does not provide an adequate basis for finding the restrictions assessed by Dr. Usman to be inconsistent with this record. ALJ Kauffman erred by offering nothing more when he rejected the opinion of Dr. Usman. He failed to provide any discussion of supportability, and his consistency analysis was flawed and inadequate."

Pl.'s Obj. 4-6 (citations omitted).

In asserting these objections, Plaintiff essentially continues to stand on her original argument to the magistrate judge that the ALJ's determination is the product of legal error and not supported by substantial evidence because the ALJ did not properly evaluate the opinion of treating physician Dr. Umara Usman as required by applicable regulations. The Report, however, correctly notes that the ALJ's reasons for discounting Dr. Usman's opinions, combined with his review and analysis of the objective record, satisfy his duty under the applicable regulations, which require only that the ALJ explain how he considered the supportability and consistency factors for a medical source's opinions or prior administrative medical findings. The Report also correctly points out that Plaintiff's burden on appeal is not to point out evidence contrary to the ALJ's decision but to show that there is *no substantial evidence* supporting the ALJ's decision, which she has not done.

Order – Page 2

Having considered the pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Plaintiff's objections to the Report are, therefore, **overruled**; the decision of the Commissioner and denial of Plaintiff's DIB and SSI claims to recover benefits under the Act are **affirmed**; and this action is **dismissed with prejudice**.

**It is so ordered** this 11th day of January, 2023.

Sam A. Lindsay
United States District Judge